NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1575


CENTRAL ADMIXTURE PHARMACY SERVICES, INC.
and DR. GERALD D. BUCKBERG,

Plaintiffs-Appellants,

v.


ADVANCED CARDIAC SOLUTIONS, P.C.
and CHARLES WALL,

Defendants-Appellees.

Brett J. Williamson, O'Melveny & Myers LLP, of Newport Beach, California, argued for plaintiffs-appellants.  With him on the brief were Nate Dilger and Kristopher Dawes, of Newport Beach, California, and Mark S. Davies and Scott M. Edson, of Washington, DC.

Robert J. Veal, Smith, Gambrell & Russell, LLP, of Atlanta, Georgia, argued for defendants-appellees.  With him on the brief was Brendan E. Squire.

Appealed from:  United States District Court for the Northern District of Alabama

Judge Virginia Emerson Hopkins

NOTE: This disposition is nonprecedential.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2007-1575

CENTRAL ADMIXTURE PHARMACY SERVICES, INC.
and DR. GERALD D. BUCKBERG,

Plaintiffs-Appellants,

v.

ADVANCED CARDIAC SOLUTIONS, P.C.
and CHARLES WALL,

Defendants-Appellees.

Appeal from the United States District Court for the Northern District of Alabama in case no. 00-CV-2430, Judge Virginia Emerson Hopkins.

_____

DECIDED: June 16, 2008

_____

Before SCHALL, Circuit Judge, CLEVENGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

CLEVENGER, Senior Circuit Judge.

Central Admixture Pharmacy Services, Inc. and Dr. Gerald D. Buckberg (together "CAPS") appeal the final decision of the United States District Court for the Northern District of Alabama dismissing their action with prejudice. Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, No. CV-00-2430-VEH (N.D. Ala. Aug. 15, 2007). For the reasons set forth below, we reverse the judgment dismissing the case and remand to the district court for adjudication of CAPS's patent infringement claim.

The parties are familiar with the facts of this case, including the decision of this court in an earlier appeal in the same case. We thus relate only the essential facts for purposes of this appeal.

CAPS brought its patent infringement suit against Advanced Cardiac Solutions, P.C. and Charles Wall (together, "ACS") in August 2000. On January 31, 2001, the United States Patent and Trademark Office issued a Certificate of Correction ("COC"), which effectively broadened the scope of the claim CAPS asserted against ACS. On February 14, 2006, CAPS stipulated that "if the COC is held valid . . . Plaintiffs do not intend to pursue their claim for damages against Defendants for infringement of the . . . patent for any sales of the accused solutions made prior to issuance of the COC." Thereafter the district court ruled that the COC was valid, and on March 2, 2006, entered its Pretrial Order stating that "Plaintiffs have withdrawn their claim that Defendants infringe the '515 patent claims prior to issuance of the COC." The district court then entered summary judgment for CAPS against ACS on the issue of infringement of the post-COC claims.

ACS appealed the adverse summary judgment to this court. We reversed the district court's holding that the COC claims were valid and remanded the case to the district court. Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C., 482 F.3d 1347 (Fed. Cir. 2007). In our opinion, we held that the COC is invalid, stating: "Because the certificate of correction CAPS obtained . . . is invalid, we vacate the finding of infringement and remand for a redetermination of infringement under the patent's original, uncorrected claims." 482 F.3d at 1349. We further held that "[o]n remand, the infringement inquiry should proceed under the original 'osmolarity' version

2007-1575                                                    2

of the claims." 482 F.3d at 1355. In a footnote to the immediately preceding holding, we stated:

> 7. Since the findings of infringement and willfulness are vacated on the ground that the certificate of correction is invalid, we do not reach ACS's arguments relating to CAPS's infringement tests of the accused products, secondary infringement, prosecution history estoppel, or the opinion of counsel ACS alleges it relied on to defeat willfulness.

Further, with regard to the proceedings on remand that our decision required, we stated: "[o]n remand, CAPS may pursue its allegations of infringement of the uncorrected 'osmolarity' version of the '515 patent claims." 482 F.3d at 1358.

On remand, the district court on May 31, 2007, ordered the parties to advise it as to what issues, if any, remained to be decided in the case. The parties submitted briefs in response. CAPS argued that the decision of this court mandated that it be permitted to pursue its claim of infringement of the pre-COC claim by ACS. ACS, on the other hand, argued that the stipulation entered by CAPS earlier in the case waived its right to claim entitlement to amendment of the Pretrial Order in order to litigate the issue of pre-COC infringement.

The district court rejected CAPS's argument. Instead, it held that it had broad discretion whether to amend its earlier Pretrial Order, which had eliminated the pre-COC infringement issue. The district court held that CAPS failed to meet the requirements under Eleventh Circuit law to obtain amendment of the Pretrial Order. The district court interpreted the decision of this court to require it to do no more than revisit the possibility of further proceedings under the original version of the claims. The district court did not interpret our decision to require it to permit CAPS to maintain its

pre-COC infringement claim.  The district court thus dismissed CAPS's suit with prejudice.  CAPS timely appealed to this court.

II

The issue before us is whether the mandate of this court left room for the exercise of discretion by the district court on whether to permit CAPS to proceed with its pre-COC infringement claim against ACS.  CAPS recites the language of our earlier opinion stated above, and argues that there can be no doubt based on that language that the remand was for the purpose of permitting CAPS to litigate its pre-COC infringement claim.  ACS argues that the mandate of this court did no more than to require the district court to "redetermine" infringement under the patent's original, uncorrected claims.  According to ACS, the district court made such a redetermination by exercising its discretion not to amend the Pretrial Order.

We need not dwell long on the dispute between the parties as to the meaning of our earlier decision and the mandate of this court to the district court on remand.  Our decision and mandate were clear: on remand, the district court was to decide the merits of CAPS's infringement claim under the pre-COC claims.  The district court was not at liberty to "determine" the issue on procedural grounds, as it did.  CAPS was entitled to pursue its pre-COC infringement claim.  We explicitly said so in three places in our opinion, and to boot we amplified our order in a long footnote enumerating issues related to CAPS's infringement claim that remained for decision on remand.

The decision of the district court is reversed, and the case is remanded to the district court with instruction to permit CAPS, if it wishes, to proceed with its pre-COC infringement claim against ACS.

2007-1575                                    4

COSTS

ACS's requests for costs on appeal is denied.  Costs on appeal are awarded to CAPS.